| | |
|---|---|
| 1 | Michael K. Brown (State Bar No. 104252) |
| | Thomas J. Yoo (State Bar No. 175118) |
| 2 | REED SMITH LLP |
| | 355 South Grand Avenue, Suite 2900 |
| 3 | Los Angeles, CA 90071 |
| | Telephone: (213) 457-8000 |
| 4 | Facsimile: (213) 457-8080 |
| 5 | Steven J. Boranian (State Bar No. 174183) |
| | R. Euna Kim (State Bar No. 222141) |
| 6 | REED SMITH LLP |
| | Two Embarcadero Center, Suite 2000 |
| 7 | San Francisco, CA 94111 |
| | Telephone: (415) 543.8700 |
| 8 | Facsimile: (415) 391.8269 |
| 9 | Attorneys for Defendant Merck & Co., Inc. |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD MATHEWS and EVELYN MATHEWS, | No. 4:05-CV-01947-~~SBA~~ MHP |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER STAYING PROCEEDINGS PENDING TRANSFER TO *IN RE VIOXX PRODUCTS LIABILITY LITIGATION*, MDL NO. 1657** |
| vs. | |
| MERCK & CO., INC.; and DOES 1 To 10, | |
| Defendants. | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

The parties, by and through their counsel, stipulate to and respectfully request a stay of all proceedings in this action pending the transfer of this case to *In re VIOXX Products Liability Litigation*, MDL No. 1657.

Plaintiffs allege personal injuries and loss of consortium attributed to the prescription drug VIOXX®. Defendant Merck & Co., Inc. ("Merck") manufactured and distributed VIOXX®, but voluntarily withdrew VIOXX® from the market on September 30, 2004.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring 148 VIOXX®-related cases to the United States District Court for the Eastern District of Louisiana for coordinated pretrial proceedings under 28 U.S.C. § 1407. Merck intends to seek the transfer of this action to that Multidistrict Litigation, *In re VIOXX Products Liability Litigation*, MDL No. 1657, and will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML. A stay will potentially conserve judicial resources and will not cause unfair prejudice to the parties. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (stay pending MDL transfer decision action would further judicial economy because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation").

Based on the foregoing, the parties respectfully request that the Court stay this action pending its transfer to MDL No. 1657.

STIPULATION AND [PROPOSED] ORDER STAYING PROCEEDINGS PENDING TRANSFER TO IN RE VIOXX PRODUCTS LIABILITY LITIGATION, MDL NO. 1657

DATED: May 13, 2005.

REED SMITH LLP

By _____
R. Euna Kim
Attorneys for Defendant
Merck & Co., Inc.

DATED: May 16, 2005.

FURTADO JASPOVICE & SIMMONS

By _____
Richard J. Simmons
Attorneys for Plaintiffs
Howard Mathews & Avelyn Mathews

## ORDER

Having considered the foregoing stipulation and good cause appearing therefore, IT IS SO ORDERED.

DATED: June 27, 2005

_____
Judge Marilyn H. Patel
United States District Judge

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111. On May 17, 2005 I served the following document(s):

**STIPULATION AND [PROPOSED] ORDER STAYING PROCEEDINGS PENDING TRANSFER TO *IN RE VIOXX PRODUCTS LIABILITY LITIGATION*, MDL NO. 1657**

☐ by transmitting via facsimile on this date from fax number 415.391-8269 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report was properly issued by the transmitting fax machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. [Via United Parcel Service]

By method indicated above upon:

**Richard J. Simons**
**Furtado Jaspovice & Simons**
**22274 Main Street**
**Hayward, CA 94541**

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 17, 2005, at San Francisco, California.

*/s/ Clarise Wilkins*
Clarise Wilkins

REED SMITH LLP
A limited liability partnership formed in the State of Delaware.

DOCSSFO-12386157.1  5/17/05 11:13 AM